UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER VOSS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UNION PACIFIC RAILROAD COMPANY, et al., | ) ) ) ) |
| Defendants. | ) ) |

Case No. 4:20-CV-00848 SEP

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Dismiss Case Without Prejudice.  Doc. [20]. For the reasons stated below, the Court will grant Plaintiff's motion.

### BACKGROUND

This case arises out of a fatal train accident that occurred on May 19, 2019, in Jefferson County, Missouri.  On May 18, 2020, Plaintiff Jennifer Voss filed a Petition for Wrongful Death in the Circuit Court of Jefferson County, Missouri, against Defendants Union Pacific, Craig Whitacre, Jerod Lankford, and Benjamin Schrum.  Doc. [1-1] at 2.  Voss is the mother and wrongful death beneficiary of minor decedent, S.H.  Doc. [8] ¶ 1.

On June 26, 2020, Defendants removed this case to federal court on the basis of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a).  Doc. [1].  On July 22, 2020, Plaintiff moved to remand this case to state court due to a lack of complete diversity between her and Defendants.  Doc. [11].  That motion remains pending before this Court.  On February 19, 2021, Plaintiff filed the instant motion to dismiss the case pursuant to Federal Rule of Civil Procedure 41(a)(2).  Defendants have answered the complaint and have not stipulated to dismissal.  Doc. [4].  Therefore, this action may be dismissed by a Court order on terms that this Court considers proper.  Fed. R. Civ. P. 41(a)(2).

### DISCUSSION

A district court has wide discretion in deciding whether to allow a plaintiff to voluntarily dismiss an action under Rule 41(a)(2).  *Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017).  When exercising this discretion, the "district court should consider . . . whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a

1

waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 727-28 (8th Cir. 2014) (internal citations and quotations omitted). After careful consideration of these factors, the Court finds dismissal is appropriate.

First, Plaintiff has provided a reasonable explanation for her desire to dismiss. The COVID-19 pandemic has caused all manner of difficulty over the past year. Plaintiff's counsel has suffered not just the death of a spouse but also multiple disruptions due to infections and quarantines. These difficulties have diminished counsel's ability to attend to the demands of litigating this case. Plaintiff states that while she has answered Defendants' interrogatories and requests for production, she has not been able to engage in other substantive discovery. Plaintiff's counsel wishes to voluntarily dismiss the action "in an effort to regroup and avoid causing further delay in developing the evidence in this matter." Plaintiff's counsel has discussed the situation with Plaintiff, who agrees that dismissal would be appropriate at this time due to her counsel's demonstrated inability to effectively carry out the representation.

Defendants argue that Plaintiff seeks to dismiss merely to seek a more favorable forum, but their only support for that argument is the fact that a motion to remand is pending. The Court finds no indication that Plaintiff seeks dismissal to avoid an adverse decision on her motion to remand. But even if she does, the possibility of having to defend a matter in state rather than federal court does not amount to prejudice in this context. *See Lenzner v. J.C. Penney Corp., Inc.,* 2010 WL 3362465, at *1 (E.D. Mo. Aug. 25, 2010) ("A plaintiff's intention to pursue the litigation in state court does not, by itself, constitute prejudice sufficient to justify denial of a motion for a voluntary dismissal.") (quoting 8 James Wm. Moore et al., Moore's Federal Practice § 41.40(7)(b)(ii) (3d ed. 2010)). Accordingly, the first factor weighs in Plaintiff's favor.

Second, a dismissal in this case would not result in an appreciable waste of judicial time and effort. While every dismissal without prejudice results in some use of judicial time and effort, the Court finds that any waste of judicial time and effort in this matter is *de minimis*. The case has been pending before this Court for only approximately eight months, very little discovery has taken place, and the case is in its relative infancy. The Eighth Circuit has upheld decisions to grant motions to dismiss without prejudice when cases were much further along than this matter. *See Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262-63 (8th Cir. 1993) (upholding voluntary dismissal after discovery was completed and defendants

had filed a motion for summary judgment); *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 971 (8th Cir. 1984) (upholding voluntary dismissal after trial had begun and plaintiff had presented all but one witness). This factor also weighs in Plaintiff's favor.

Third, although Defendants oppose Plaintiff's motion, they do not demonstrate legal prejudice sufficient to avoid dismissal. The Court finds that the only prejudice Defendants may suffer is the filing of a subsequent lawsuit. Such potential prejudice does not rise to a level that warrants denial of Plaintiff's motion. The Eighth Circuit has consistently held that, for purposes of deciding whether to grant a motion for voluntary dismissal, "legal prejudice" is more than just the fact that a defendant may have to defend another action. *See Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011) (internal quotation marks and citation omitted) ("Prejudice does not arise simply because a second action has been or may be filed against the defendant, which is often the whole point in dismissing a case without prejudice."); *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987) ("Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit."). Because all three factors thus favor Plaintiff, the Court will grant Plaintiff's motion to voluntarily dismiss without prejudice.

The Court now turns to Defendants' request to impose certain conditions on a dismissal. Defendants argue that Plaintiff has not been diligently prosecuting this matter, in that she has not provided expert reports in a timely fashion. Defendants also complain that she did not file this motion to dismiss as quickly as Defendants believe she should have, as Plaintiff informed Defendants that she was considering filing such a motion in November 2020, and yet did not file the motion until February 2021. Defendants argue that Plaintiff's alleged failings of timeliness should persuade the Court to impose certain conditions on any dismissal. Namely, they argue that the Court should condition a voluntary dismissal on Plaintiff paying costs and attorneys' fees incurred due to Plaintiff not requesting dismissal at an earlier date. Defendants also ask that the Court dictate that Plaintiff may only re-file the matter in federal Court, if and when she decides to re-file the action.

When granting a voluntary dismissal, the payment of a defendant's costs of litigation can be a proper condition of dismissal under Federal Rule of Civil Procedure 41(a)(2). *See Belle-Midwest, Inc., v. Missouri Property & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978 (8th Cir. 1995). But that is a matter within the Court's sound discretion, and, "[a]s a general rule, Courts

3

impose few or no conditions early in a case when the defendant faces, at most, the mere prospect of relitigation in another forum." *See Lenzner,* 2010 WL 3362465, at *2 (quotation marks omitted). Here, the costs of removal were voluntarily incurred, as Defendants chose to seek a federal forum, and Defendant would have been required to file an answer whether the case was in state or federal court. Moreover, as noted, the case has not progressed beyond its initial stages, and the Court finds no indication that any delay on Plaintiff's part during the course of litigation thus far was vexatious or taken in bad faith. Indeed, Plaintiff's reason for seeking dismissal is that her counsel simply does not have time at present to handle the matter expeditiously. The Court does not find the imposition of costs appropriate in this matter.

As for Defendants' request that Plaintiff be required to re-file in federal court if and when she re-files, Defendants cite to no caselaw supporting the imposition of that condition on a plaintiff's voluntary dismissal. While a Defendant may prefer to litigate in federal court and has a right to remove under certain conditions, Plaintiff is still the master of her claim. The Court sees no reason to deprive her of the right to file in the court of her choice. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (Plaintiff is "the master of the complaint," and may have her cause heard in state court if she so chooses.). Thus, the Court declines to attach the requested conditions to the voluntary dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Case Without Prejudice. (Doc. [20]) is **GRANTED**. This action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

**IT IS FURTHER ORDERED** that all other pending motions in this matter are **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of March, 2021.

*Sarah E. Pitlyk*
_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE